LAND, Justice.
 

 The Dixie Homestead Association, a judgment creditor of Benedict Intravaia, who had been running a grocery store located on Prytania street in this city for approximately ten years, has brought the present suit to have declared as a simulation a sale and transfer of the grocery, trade name, “Economy Grocery,” merchandise, fixtures, and good will of the business to Virginia Intravaia and Josephine Intravaia, the two daughters of Benedict Intravaia.
 

 In the alternative, plaintiff has also brought a revocatory action.
 

 The sale attacked is of date August 10, 1932, is made by notarial act, and the consideration for same, as therein stated, was the assumpsit by his two daughters, both of legal age, of “all debts of every kind and nature whatsoever of the said Benedict Intravaia, in so far as the ‘Economy Grocery’ is concerned, and none other.”
 

 The names of the creditors of Intravaia, and the respective amount due each, amounting to $3,316.77) are detailed in the act.
 

 As stated by the trial judge in his opinion: “It is established by the testimony of Mr. Cornelius Everett, the secretary-treasurer of the great grocery house of H. T. Cottam & Company in this city, that Intravaia had been dealing with that house from the inception, practically, of his grocery business. Mr. Everett shows by his uncontradicted testimony that in 1932 Benedict Intravaia owed his house about $2,000.00 and owed another large creditor and a number of small creditors. Mr. Everett became convinced that, owing to the physical condition of the poor fellow Intravaia, he was incapable of carrying on the business, and he, as secretary-treasurer of Cottam & Company, reached the conclusion that he could no longer extend credit to him, and he knew as a fact that the other creditor referred to was about to file suit. Under these circumstances, Mr. Everett went to Intravaia, stated the situation as he saw it, and
 
 *559
 
 told him the only way that he would he willing to extend further credit to him and give him indulgence on the past debt was that he should transfer, sell and turn over to his two daughters, Josephine and Virginia, the business, as he had become convinced that both of them were able, and that one of them especially, Miss Josephine, was very capable and able, and he believed that the two young women, taking the business, could successfully run it and pay the debts. He, therefore, suggested that the sale and transfer be made by Intravaia to his twd daughters for their assumption of the debts of the grocery, and • all of the creditors, according to Mr. Everett, withheld any action when that was done, it being the desire of the creditors. The transfer was made by notarial act before Mr. Baldwin Allen, .Notary, of this city, and the debts that Intravaia had incurred in operating the grocery were assumed by the two vendees or transferees and they became the owners of the business, and according to Mr. Everett’s testimony, of the 33-hundred-odd dollars of debts, these young ladies have paid off all but about $1500.”
 

 See testimony of Cornelius J. Everett, T., pp. 31-34, and testimony of Miss Josephine Intravaia, T., pp. 25-28.
 

 As to the debt of the. Homestead Association, the trial judge says in his opinion: “Now, the Dixie Homestead Association 'had a judgment against Intravaia in no way, manner, shape or form connected with the grocery business. They obtained judgment in 1931 in the District Court and it was in 1932 that Mr. Everett conceived this idea and had it carried out by Intravaia and the two daughters.”
 

 The trial judge dismissed plaintiff’s suit on the holding that the suit is one purely, simply, and solely in declaration of simulation, and that the .evidence shows that it was a real transaction.
 

 As the trial judge declares in his opinion that this is not a revocatory action, consistently with his views on the subject, he overruled the plea of prescription of one year tendered by defendants as a bar to such action under article 1994 of the Civil Code.
 

 However, in addition to the charge that the sale is simulated, plaintiff alleges that the debts assumed by the daughters of Intravaia did not include the debt due to plaintiff; that Intravaia did not, at the time of the purported transfer, nor at any time since, have sufficient property to pay all his debts; that the grocery store was his only tangible asset, .and that the purported transfer was made solely and wholly to put ¡same out of the reach of plaintiff and was done to injure and defraud your petitioner, all within the full knowledge and ¡the connivance of defendants.
 

 In other words, the Dixie Homestead Association alleges that the transfer is simulated, and, in the alternative, that it is a transaction entered into to defraud the association, which was a creditor at the time it was made.
 

 
 *561
 
 Article 1994 of the Civil Code provides that: “The action [revocatory] given by this section, is limited to one year; if brought by
 
 a creditor individually,
 
 to be counted from the time he has obtained judgment against the debt- or; if brought by syndics or other representatives of the
 
 creditors collectively,
 
 to be counted from the day of their appointment.” (Italics ours.)
 

 Judgment was rendered in favor of the Dixie Homestead Association in the Civil District Court for the Parish of Orleans on December 16, 1931, and signed December 22, 1931. A
 
 devolutive
 
 appeal to the Court of Appeal for the Parish of Orleans was taken by Intravaia. 145 So. 561.
 

 The present suit was not filed by the Dixie Homestead Association until November 13, 1933, or more than one year from the time judgment was obtained against the debtor.
 

 As only a
 
 devolutive
 
 appeal was taken, the judgment creditor, the Dixie Homestead Association, could have executed judgment in the meantime, and the plea of prescription of one year pleaded by defendants is good and is sustained.
 

 In other words, as to the action en declaration de simulation, we hold that it is not sustainable, as the sale or transfer attacked was a real transaction based upon a valuable consideration.
 

 As to the revocatory action, alleged in the alternative, we hold that it is barred by the prescription of one year.
 

 It is therefore ordered that the judgment appealed from, dismissing plaintiff’s suit on the ground that the action en declaration de simulation is not well founded as the sale or transfer was a real transaction, be affirmed.
 

 It is further ordered that the plea of prescription of one year tendered by defendants as a bar to the revocatory action, alleged by plaintiff, the Dixie Homestead Association, in the alternative, be sustained, and that plaintiff’s suit be dismissed as .to. such action also.
 

 It is further ordered that plaintiff pay all costs of the lower court and of this court.